UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

HENRY M. MITCHELL, JR., a.k.a.
HENRY C. HAYES,

  Plaintiff,

v.

SUPERIOR COURT FOR THE
COUNTY OF SAN DIEGO, et al.,

  Defendants.

NO. CV-08-2586-LRS

**ORDER OF DISMISSAL**

## I. BACKGROUND

Plaintiff has commenced this 42 U.S.C. § 1983 action against the Superior Court For The County Of San Diego, Office Of The San Diego Public Defender, the California Department Of Corrections And Rehabilitation (CDCR), and "DOES 1 to 1,000."[1] Plaintiff contends Defendants violated his procedural due process rights by giving persons access to his probation report after the 60-day statutory period expired.[2] Plaintiff seeks declaratory relief and damages.[3]

---

[1] Plaintiff's Application To Proceed *In Forma Pauperis* (Ct. Rec. 1) is **GRANTED.**

[2] Cal. Penal Code § 1203.05.

[3] Plaintiff's Complaint alludes to there being state law claims over which the court has supplemental jurisdiction. The complaint does not, however, specify what these state law claims are and, to the extent there are any such claims, the court would not exercise supplemental jurisdiction over them because of the dismissal of the 42 U.S.C. § 1983 claim, the claim over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

**ORDER OF DISMISSAL -**  **1**

On November 6, 2007, the Superior Court For The County Of San Diego, in the case of *The People Of The State Of California v. Jack Henry Lewis, Jr.*, entered an order denying CDCR's motion to quash a subpoena served by on it by the defendant in that action.  The superior court directed CDCR to produce to defendant presentence reports relating to certain CDCR inmates, including the presentence report of Plaintiff Mitchell.  Production of the materials was subject to a protective order limiting access to and use of the materials, and directing that no confidential identifying information be revealed to the defendant in the superior court action.  In a memorandum dated April 4, 2008, CDCR notified Plaintiff of the superior court's order and advised Plaintiff to contact the San Diego County Public Defender's Office if he had any questions or concerns about the order.  The San Diego County Public Defenders' Office had requested the presentence reports on behalf of the defendant in the superior court action.

## II. DISCUSSION

A state or a state agency is not a "person" under § 1983 and may not be sued for damages under that section. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).  CDCR is considered an arm of the state for purposes of the Eleventh Amendment and is entitled to immunity from suit in federal court.  *Moreno v. California*, 25 F.Supp.2d 1060, 1063 (N.D. Cal. 1998), citing *Taormina v. Cal. Dep't of Corr.*, 946 F.Supp. 829, 831 (S.D. Cal. 1996), *aff'd*, 132 F.3d 40 (9th Cir. 1997).

The Superior Court for San Diego County is also an arm of the state and thus, under the Eleventh Amendment cannot be sued in federal court. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003)(11th Amendment bars suit against state superior court and its employees); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 & n. 10 (9th Cir. 1987)(11th Amendment bars suit against Superior Court of State of California

**ORDER OF DISMISSAL -            2**

regardless of relief sought).  To the extent, if any, Plaintiff would seek relief from the superior court judge who issued the order, the judge would be entitled to absolute judicial immunity for judicial action taken by him that was within his jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286 (1991); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).[4]

Any defense attorney, whether privately retained, employed by the state as a public defender, or appointed, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981).  A 42 U.S.C. § 1983 action exists only against a person who has acted under color of state law.  Therefore, under § 1983, Plaintiff cannot sue the San Diego County Public Defenders' Office, nor any employees of that office.

Plaintiff names unidentified individual defendants ("DOES 1-1,000") in this action.  These would presumably be employees of CDCR acting pursuant to the order of the San Diego County Superior Court, and/or employees of the superior court, and/or employees of the San Diego Public Defenders' Office.  Employees of CDCR and the superior court are entitled to Eleventh Amendment immunity from suit in federal court.  Employees of the San Diego Public Defenders' Office cannot have acted under color of state law and therefore, cannot be sued under § 1983.  Finally, any employees of CDCR would be entitled to absolute immunity from suit for carrying out a facially valid order of the superior court.  Such immunity derives from the absolute judicial immunity of the judge who issued the order.  *Mays v. Sudderth*, 97 F.3d 107, 112 (5th Cir. 1996).  A rule immunizing public officials carrying out court orders is necessary to avoid requiring those officials from

---

[4] Cal. Penal Code § 1203.05(b) allows inspection and copying of a probation "[b]y any person, at any time, by order of the court, upon filing a petition therefore by the person."

**ORDER OF DISMISSAL -            3**

scrutinizing the judicial order in question. *Coverdell v. Dept. of Social and Health Services*, 834 F.2d 758, 764-65 (9th Cir. 1987).

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's 42 U.S.C. § 1983 claim and the captioned action are **DISMISSED with prejudice**. Any supplemental state law claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).[5]

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward a copy to the Plaintiff. Judgment shall be entered accordingly.

**DATED** this  10th   day of December, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

---

[5] Pursuant to 28 U.S.C. §1915A(a), the court is obliged to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." On review, the court shall dismiss the complaint if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**ORDER OF DISMISSAL -                 4**